**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| TERRANCE PASCAL, individually and on behalf of a class of persons similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| TOP TIER SAFETY, INC., an Illinois Corporation, and JAMES GONZALES, an individual, | )<br>)<br>) |
| Defendants. | ) |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

NOW COMES the Plaintiff, Terrance Pascal ("Pascal"), individually and on behalf of a class of persons similarly situated ("the Class"), through counsel, Vaziri Law LLC, and for his Collective and Class Action Complaint, against the Defendants, Top Tier Safety, Inc. ("Top Tier"), an Illinois corporation, and James Gonzales ("Gonzales"), an individual, states as follows:

**INTRODUCTION**

1. Pascal is a former hourly employee of Top Tier, and he filed this collective and class action lawsuit because the Defendants (1) did not pay him and other similarly situated employees the full and proper amount of minimum wages earned and owed to the them for all time worked up to forty (40) hours in a work week, (2) did not pay him and other similarly situated employees the full and proper amount of overtime wages earned and owed to them for all time worked in excess of forty (40) hours in a work week, and (3) did not timely pay him and other similarly situated employees the full agreed-to wages earned and owed to them. Pascal seeks collective action certification of his claims brought under the Fair Labor Standards Act

("FLSA") and Rule 23 class certification of his claims under the Illinois Minimum Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and the Chicago Minimum Wage (and Paid Sick Leave) Ordinance ("CMWO").

2. This lawsuit arises under the FLSA, *29 U.S.C. § 201 et seq.*, against the Defendants for: (1) failure to pay Plaintiff and other similarly situated employees the applicable minimum wage for all hours worked up to forty (40) hours in a work week, and (2) failure to pay Plaintiff and other similarly situated employees 1 and ½ times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

3. This lawsuit arises under the IMWL, *820 ILCS §§ 105/4 and 105/4a*, against the Defendants for: (1) failure to pay Plaintiff and other similarly situated employees the applicable minimum wage for all hours worked up to forty (40) hours in a work week, and (2) failure to pay Plaintiff and other similarly situated employees 1 and ½ times their regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

4. This lawsuit arises under the IWPCA, *820 ILCS § 115/1 et seq.*, against the Defendants for: (1) failure to timely pay Plaintiff and other similarly situated employees for all hours worked; and (2) failure to timely pay Plaintiff and other similarly situated employees for all hours worked at a rate agreed to by the parties.

5. This lawsuit arises under the CMWO, *§ 1-24 et seq.*, against the Defendants for failure to pay Plaintiff and other similarly situated employees the applicable minimum wage for all hours worked up to forty (40) hours in a work week, and (2) failure to pay Plaintiff and other similarly situated employees one and 1 and ½ their regular rate of pay for all hours worked in excess of forty (40) hours in a work week.

**JURISDICTION AND VENUE**

6. Jurisdiction is conferred by *28 U.S.C. § 1331* and *29 U.S.C. § 216(b)* on the basis of federal question jurisdiction as the matter concerns an action arising under the laws of the United States.

7. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to *28 U.S.C. § 1367*.

8. Venue is proper in this Court as the unlawful conduct alleged herein occurred in this district.

**PARTIES**

9. Pascal is a resident of Chicago, Cook County, Illinois.

10. Upon information and belief, Gonzales is a resident of Chicago, Cook County, Illinois.

11. Top Tier is an Illinois corporation with a principal office located at 111 E. Wacker Dr., Ste. 2400, Chicago, Cook County, Illinois.

12. At all relevant times, Top Tier engaged in the business of providing security personnel for its clients.

13. At all relevant times, Gonzales directed, implemented, and controlled the compensation policies and practices at issue in this lawsuit. Further, he both ratified and implemented the compensation policies and practices as to Pascal and the putative class.

14. At all relevant times, Top Tier was an "employer" as defined by the FLSA, the IMWL, the IWPCA, and the CMWO.

15. At all relevant times, Pascal and the putative Class were hourly-paid, non-exempt employees as defined by the FLSA, the IMWL, the IWPCA, and the CMWO.

## FACTUAL BACKGROUND

16. Pascal worked for Top Tier as a security guard from around the end of September 2017 through mid-November 2017.

17. At all relevant times, Top Tier agreed to compensate Pascal at a rate of fifteen dollars ($15.00) per hour.

18. At all relevant times, Top Tier used a timekeeping system where hourly employees clocked in each work-day before they went to a specific client's location to provide security guard services. At the end of the day, the employees would sign out on a log sheet at that client's location and Top Tier would eventually receive those log sheets for payroll and other purposes.

19. At all relevant times, Top Tier agreed to pay Pascal bi-weekly (on the 1st and 15th of every month).

20. At all relevant times, pursuant to the FLSA, Defendants were required to pay non-tipped employees $7.25 per hour.

21. At all relevant times, pursuant to the IMWL, Defendants were required to pay non-tipped employees $8.25 per hour.

22. At all relevant times, pursuant to the IWPCA, Defendants were required to pay non-exempt employees agreed-to wages during the next pay period and at least semi-monthly.

23. At all relevant times, pursuant to the CMWO, Defendants were required to pay non-tipped employees $11.00 per hour.

4

24. At all relevant times, pursuant to the FLSA, the IMWL, and the CMWO, Defendants were required to pay non-exempt employees at a rate of 1 and ½ times their regular rate of pay for all hours worked in excess of forty (40) hours a week.

## PASCAL'S EMPLOYMENT

**The initial pay period.**

25. Pascal began working for Top Tier in the middle of a pay period.

26. Top Tier paid Pascal $200.00 cash for the work he completed during this initial pay period.

27. However, at his rate of $15.00 per hour, Pascal earned more than $200.00 for the initial pay period.

28. Top Tier did not timely pay Pascal the entire amount of agreed-to wages for any pay period. (See Declaration of Pascal attached hereto as Exhibit A).

**All subsequent pay periods.**

29. After the initial pay period, Pascal continued working for Top Tier for about another five weeks.

30. During his entire time working at Top Tier, Pascal worked an average of sixty-one (61) hours per week. (See Exhibit A).

31. However, Top Tier never paid Pascal again. (See Exhibit A).

## COUNT I
### (Collective action allegations for violation of the FLSA—failure to pay minimum and overtime wages)

32. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 31 as though fully alleged herein.

5

33. Plaintiff brings Count I as a collective action pursuant to the FLSA, *29 U.S.C. § 216(b)*.

34. The FLSA provides that employers shall pay employees at least $7.25 per hour for all hours worked up to forty (40) in any given work week. *29 U.S.C. § 206*.

35. Defendants failed to pay Pascal and members of the Class minimum wages as outlined above

36. The FLSA further provides that employers shall pay employees 1 and ½ times their regular rate of pay for all hours worked in excess of forty (40) in any given work week. *29 U.S.C. § 207*.

37. Defendants failed to pay Pascal and members of the Class overtime wages as outlined above.

38. For this count, Plaintiff seeks certification of the following class of similarly situated persons pursuant to the FLSA:

> All persons who worked for Defendants as hourly employees any time between November 24, 2014 and the present until final resolution of the case and who did not receive the full statutory minimum wage for all hours worked up to forty (40) hours in any given work week and/or who did not receive statutory overtime wages for all hours worked in excess of forty (40) in any given work week ("the FLSA class").

39. Defendants were aware of, required, suffered, and/or permitted Plaintiff and the FLSA class to work without paying them statutory minimum wages and/or without paying them statutory overtime wages.

40. In the alternative, Defendants should have known that the FLSA class was not being paid statutory minimum and/or overtime wages.

41. Therefore, the Defendants' actions were willful and not in good faith.

42. Plaintiff and the proposed FLSA class have been equally affected by Defendants' violations of the FLSA, which amount to a single decision, policy, or plan to avoid paying all earned minimum and/or overtime wages.

43. It follows that there are questions of law and fact common to Plaintiff and the FLSA class.

44. Plaintiff and the FLSA class are similarly situated.

45. Plaintiff's claims or defenses are typical of the claims or defenses of the FLSA class.

46. Plaintiff believes that the number of employees who fall within the FLSA class exceeds forty (40).

47. This is not a collusive or friendly action.

48. Plaintiff has retained counsel with the requisite experience.

49. Plaintiff's counsel will fairly and adequately protect the interests of the FLSA class.

50. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count I.

51. Defendants' books and records are material to Plaintiff's case as they disclose some of the hours worked by members of the FLSA class and the amounts they were paid for that work.

52. Pursuant to the FLSA, *29 U.S.C. § 211(c)*, Defendants were required to maintain accurate records of hours worked by Plaintiff and the FLSA class.

53. Upon information, Defendants failed to maintain accurate records of the hours worked by Plaintiff and the FLSA class.

54. Plaintiff and the FLSA class have been damaged by Defendants' policy and practice of failing to pay the full amount of minimum and/or overtime wages due to them pursuant to the FLSA.

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, demands a trial by jury on this and all counts so triable, and respectfully requests the following relief:

 (a)   An order directing the Defendants to tender the names, last known addresses, and phone numbers of the FLSA class with leave for Plaintiff's counsel to send notice of this lawsuit to the members of the FLSA class and allow them the opportunity to opt-in as party plaintiffs pursuant to the FLSA, *29 U.S.C. § 216(b)*;

 (b)   An award for Plaintiff and all persons who opt-in of all unpaid minimum and/or overtime wages they earned;

 (c)   An award of liquidated damages equal to the amount of all unpaid minimum and/or overtime wages;

 (d)   Pre-judgment and post-judgment interest as provided by law;

 (e)   Attorneys' fees and costs of this action pursuant to *29 U.S.C. § 216(b)*; and

 (f)   Such further relief that this Court deems appropriate.

## COUNT II
**(Class action allegations for violation of the IMWL—failure to pay minimum and overtime wages)**

55. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 31 as though fully alleged herein.

56. Plaintiff brings Count II as a class action pursuant to *Fed. R. Civ. P. 23*.

57. The IMWL provides that employers shall pay employees at least $8.25 per hour for all hours worked up to forty (40) in any given work week. *820 ILCS § 105/4(a)(1)*.

58. Defendants failed to pay Pascal and members of the Class minimum wages as outlined above

8

59. The IMWL further provides that employers shall pay employees 1 and ½ times their regular rate of pay for all hours worked in excess of forty (40) in any given work week. *820 ICLS § 1054a(1)*.

60. Defendants failed to pay Pascal and members of the Class overtime wages as outlined above.

61. For this count, Plaintiff seeks certification of the following class of similarly situated persons pursuant to the IMWL:

> All persons who worked for Defendants as hourly employees any time between November 24, 2007 and the present until final resolution of the case and who did not receive the full statutory minimum wage for all hours worked up to forty (40) hours in any given work week and/or who did not receive statutory overtime wages for all hours worked in excess of forty (40) in any given work week ("the IMWL class").

62. Defendants were aware of, required, suffered, and/or permitted Plaintiff and the IMWL class to work without paying them statutory minimum wages and/or without paying them statutory overtime wages.

63. In the alternative, Defendants should have known that the IMWL class was not being paid statutory minimum and/or overtime wages.

64. Therefore, the Defendants' actions were willful and not in good faith.

65. Plaintiff and the proposed IMWL class have been equally affected by Defendants' violations of the IMWL, which amount to a single decision, policy, or plan to avoid paying all earned minimum and/or overtime wages.

66. It follows that there are questions of law and fact common to Plaintiff and the IMWL class.

67. Plaintiff and the IMWL class are similarly situated.

68. Plaintiff's claims or defenses are typical of the claims or defenses of the IMWL class.

69. Plaintiff believes that the number of employees who fall within the IMWL class exceeds forty (40).

70. This is not a collusive or friendly action.

71. Plaintiff has retained counsel with the requisite experience.

72. Plaintiff's counsel will fairly and adequately protect the interests of the IMWL class.

73. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count II.

74. Defendants' books and records are material to Plaintiff's case as they disclose some of the hours worked by members of the IMWL class and the amounts they were paid for that work.

75. Pursuant to the IMWL, Defendants were required to maintain accurate records of hours worked by Plaintiff and the FLSA class. *820 ILCS § 105/8*.

76. Upon information, Defendants failed to maintain accurate records of the hours worked by Plaintiff and the IMWL class.

77. Plaintiff and the IMWL class have been damaged by Defendants' policy and practice of failing to pay the full amount of minimum and/or overtime wages due to them pursuant to the IMWL.

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, demand a trial by jury on this and all counts so triable, and respectfully request the following relief:

(a) Certification of the IMWL class pursuant to *Fed. R. Civ. P. 23*;

(b) An award for Plaintiff and the IMWL class for all unpaid minimum and/or overtime wages they earned;

(c) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to *820 ILCS § 105/12*;

(d) Pre-judgment and post-judgment interest as provided by law;

(e) Attorneys' fees and costs of this action pursuant to *820 ILCS § 105/12(a)*; and

(f) Such further relief that this Court deems appropriate.

## COUNT III
### (Class action allegations for violation of the IWPCA—failure to timely pay agreed-to wages)

78. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 31 as though fully alleged herein.

79. Plaintiff brings Count III as a class action pursuant to *Fed. R. Civ. P. 23*.

80. Illinois Law provides that "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." *820 ILCS § 115/3*.

81. Defendants failed to timely pay Pascal and members of the Class agreed-to wages in accord with said statute.

82. For this count, Plaintiff seeks certification of the following class of similarly situated persons pursuant to the IWPCA:

> All persons who worked for Defendants as hourly employees any time between November 24, 2007 and the present until final resolution of the case and who did not receive their agreed-to wages during the next pay period or semi-monthly for all hours worked in individual work weeks ("the IWPCA class").

83. Defendants were aware of, required, suffered, and/or permitted Plaintiff and the IWPCA class to work without paying them their agreed-to wages during the next pay period or semi-monthly.

84. In the alternative, Defendants should have known that the IWPCA class was not paid their agreed-to wages in the next pay period or semi-monthly.

85. Therefore, the Defendants' actions were willful and not in good faith.

86. Plaintiff and the IWPCA class have been equally affected by the Defendants' violations of the IWPCA, so there are questions of law or fact common to them.

87. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the IWPCA class.

88. Plaintiff believes that the number of employees who fall within the IWPCA class exceeds forty (40), so joinder of all members is impracticable.

89. Plaintiff's claims or defenses are typical of the claims or defenses of the IWPCA class.

90. This is not a collusive or friendly action.

91. Plaintiff has retained counsel with the requisite experience.

92. Plaintiff's counsel will fairly and adequately protect the interests of the IWPCA class.

93. If each injured member of the IWPCA class was required to bring individual actions, the result would be a multiplicity of actions, creating a hardship to the IWPCA class, to this Court, and to the Defendants.

94. Accordingly, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count III.

95. Plaintiff and members of the IWPCA class have been damaged by the Defendants' violations of the IWPCA by not being timely paid their agreed-to wages.

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, demands a trial by jury on this, and respectfully requests the following relief:

(a) Certification of the IWPCA class pursuant to *Fed. R. Civ. P. 23*;

(b) An award for Plaintiff and the IWPCA class for all actual damages;

(c) 2% of the amount of underpayments for each month following the date of payment during which such underpayment remains unpaid pursuant to *820 ILCS § 105/12(a)*;

(d) Pre-judgment and post-judgment interest as provided by law;

(e) Attorneys' fees and costs of this action pursuant to *820 ILCS § 105/12(a)*; and

(f) Such further relief that this Court deems appropriate.

## COUNT IV
**(Class action allegations for violation of the CMWO—failure to pay minimum and overtime wages)**

96. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 31 as though fully alleged herein.

97. Plaintiff brings Count IV as a class action pursuant to *Fed. R. Civ. P. 23*.

98. The CMWO provides that "Every Employer shall be pay no less than the following Wages to each Covered Employee for each hour of work performed for that Employer while physically present within the geographic boundaries of the City":

- Beginning 7/1/15: $10.00 per hour;
- Beginning 7/1/16: $10.50 per hour;
- Beginning 7/1/17: $11.00 per hour; and
- Beginning 7/1/18: $12.00 per hour.

*§ 1-24-020*.

99. Defendants failed to pay Pascal and members of the Class minimum wages as outlined above.

100. The CMWO further provides that "The Wages set out in Sections *1-24-020* and *1-24-030* are subject to the overtime compensation provisions in the [Illinois] Minimum Wage Law." *§ 1-24-040*.

101. The IMWL provides that an employer shall pay an employee 1 and ½ times the employee's regular rate for all hours worked in excess of forty (40) in any given work week. *820 § ILCS 105/4a*.

102. Defendants failed to pay Pascal and members of the Class overtime wages as outlined above.

103. For this count, Plaintiff seeks certification of the following class of similarly situated persons pursuant to the CMWO:

> All persons who worked for Defendants as hourly employees any time between November 24, 2007 and the present until final resolution of the case and who did not receive the full statutory minimum wage for all hours worked up to forty (40) hours in any given work week and/or who did not receive statutory overtime wages for all hours worked in excess of forty (40) in any given work week ("the CMWO class").

104. Defendants were aware of, required, suffered, and/or permitted Plaintiff and the CMWO class to work without paying them statutory minimum and/or overtime wages.

105. In the alternative, Defendants should have known that the CMWO class was not being paid statutory minimum and/or overtime wages.

106. Therefore, the Defendants' actions were willful and not in good faith.

107. Plaintiff and the CMWO class have been equally affected by the Defendants' violations of the CMWO, so there are questions of law or fact common to them.

108. These common questions of law and fact predominate over the variations, if any, that may exist between the members of the CMWO class.

109. Plaintiff believes that the number of employees who fall within the CMWO class exceeds forty (40), so joinder of all members is impracticable.

110. Plaintiff's claims or defenses are typical of the claims or defenses of the CMWO class.

111. This is not a collusive or friendly action.

112. Plaintiff has retained counsel with the requisite experience.

113. Plaintiff's counsel will fairly and adequately protect the interests of the CMWO class.

114. If each injured member of the CMWO class was required to bring individual actions, the result would be a multiplicity of actions, creating a hardship to the CMWO class, to this Court, and to the Defendants.

115. Accordingly, a class action is the most appropriate method for the fair and efficient resolution of the matters alleged in Count IV.

116. Plaintiff and the CMWO class have been damaged by Defendants' policy and practice of failing to pay the full amount of minimum and/or overtime wages due to them pursuant to the CMWO.

WHEREFORE, the Plaintiff, individually and on behalf of all other similarly situated persons, demands a trial by jury on this, and respectfully requests the following relief:

(a) Certification of the CMWO class pursuant to *Fed. R. Civ. P. 23*;

(b) An award for Plaintiff and the CMWO class for all unpaid minimum and/or overtime wages they earned;

(c) An award of three times the amount of any such underpayments pursuant to § *1-24-110*;

(d) Pre-judgment and post-judgment interest as provided by law;

(e) All costs and attorney's fees incurred prosecuting this claim pursuant to § *1-24-110*; and

(f) Such further relief that this Court deems appropriate.

Respectfully submitted,

/s/   Pasha Vaziri
*Counsel for Plaintiff*

Pasha Vaziri, Esq.
Vaziri Law LLC
111 W. Washington St., Ste. 1500
Chicago, IL 60602
(312)690-2610
pvaziri@vaziri.law