UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRANCE PASCAL, individually and on behalf of all others similarly situated, )<br>)<br>)<br>           Plaintiff, )<br>)<br>   vs. )<br>)<br>)<br>TOP TIER SAFETY, INC. and JAMES GONZALES, )<br>)<br>           Defendants. ) | 18 C 4998<br><br>Judge Gary Feinerman |

**MEMORANDUM OPINION AND ORDER**

Terrance Pascal brings this putative class and collective action against Top Tier Safety, Inc. and its president, James Gonzales, alleging wage-and-hour claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.*, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance, Chi. Mun. Code § 1-24-010 *et seq*. Doc. 1. Defendants were served with process, Docs. 7, 9, but failed to file a responsive pleading, leading the court to enter a Rule 55(a) default order against them on October 16, 2018, Doc. 10. The court entered a partial Rule 55(b) default judgment against Defendants on January 29, 2019— though not a default judgment in the ordinary sense, as it simply required Gonzales to provide Pascal a list of all Top Tier employees since November 2007 and awarded no damages. Doc. 14. After Gonzales failed to produce the list despite being served with that order, Doc. 15, the court issued a rule to show cause on March 13, 2019, Doc. 16. When Gonzales failed to appear or comply despite being personally served with the rule, Doc. 17, the court issued a bench warrant on May 1, 2019, Doc. 18.

The warrant *finally* prompted action from Gonzales, who on May 3, 2019 moved to quash the warrant and, invoking Rules 55(c) and 60(b), to set aside the Rule 55(a) default and partial Rule 55(b) default judgment. Doc. 20. The court granted Gonzales's motion as to the bench warrant, Doc. 23, and now denies his motion as to the default order and partial default judgment.

Rule 55(c) permits the court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To succeed under Rule 55(c), a movant "must show: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (internal quotation marks omitted); *see Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) ("In order to have a default judgment vacated, the moving party must demonstrate: (1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.") (internal quotation marks omitted). A defendant's failure to make any of those three showings is fatal to a motion to vacate. *See Wehrs*, 688 F.3d at 890 (affirming the denial of a motion to vacate where the district court "found that [the movant] was able to meet the first two requirements" but that "he did not set forth a meritorious defense"); *Pretzel & Stouffer, Chtd. v. Imperial Adjusters, Inc.*, 28 F.3d 42, 46 (7th Cir. 1994) ("Imperial failed to clear the first hurdle when it did not show good cause for its default. This would have been sufficient basis to refuse to vacate Imperial's default … .").

Gonzales has not shown good cause for his default and thus stumbles at the first step of the Rule 55(c) analysis. *See Trade Well Int'l v. United Central Bank*, 825 F.3d 854, 861 (7th Cir. 2016) (holding that the movant "cannot satisfy its burden to show that the default judgments should be set aside" where it "could not establish good cause for the defaults"). Gonzales does not contest that he was properly served under Rule 4(e)(2)(B) on September 20, 2018, or that he was required under Rule 12(a)(1)(A)(i) to file a responsive pleading 21 days later, by October

2

11, 2018. Doc. 9; Doc. 20 at ¶ 3; Doc. 25 at 2. The court entered a Rule 55(a) default on October 16, 2018, Doc. 10, and Gonzales did not make his appearance until over six months later, on May 3, 2019, Doc. 19.

Conceding this timeline, Gonzales explains that he "was not served, individually, until September 20, 2018, yet he actively began seeking counsel in early February 2019—a time period of less than five months." Doc. 25 at 2. Yet Gonzales offers no explanation or justification for why he failed to respond to this lawsuit, or even seek counsel, for some *five months* after being served with process in September 2018—and despite having been contacted by Pascal's counsel on at least three other occasions about the suit. Doc. 7 at 7, 12 (an August 26, 2018 letter that Pascal's counsel emailed to Gonzales about the lawsuit); Doc. 25 at 2-3 (Gonzales admitting that on November 16, 2018, Pascal's counsel emailed him a minute order from that day, Doc. 11, concerning Pascal's forthcoming Rule 55(b) motion) (citing Doc. 24-4); Doc. 24-5 (a January 17, 2019 email from Pascal's counsel to Gonzales attaching Pascal's Rule 55(b) motion). Because Gonzales's "efforts to secure counsel" from his insurer "did not commence until" some five months after he was served with process, some four months after the Rule 55(a) default was entered, and some three months after he was contacted again by Pascal's counsel about the case, those efforts come "too late to demonstrate good cause" under the first prong of the Rule 55(c) analysis. *Trade Well*, 825 F.3d at 861. The record quite plainly shows that Gonzales "willfully disregard[ed] pending litigation" between September 2018 and February 2019. *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007); *see also Zuelzke Tool & Eng'g Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991) ("[The defaulted party] was not diligent in protecting its interests and there is no showing that it was misled … into believing that no harm would come to it through its failure to act."); *C.K.S. Eng'rs, Inc. v.*

3

*White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) ("While we recognize that laypersons should not be expected to possess the legal sophistication of lawyers, this is not an excuse for the [defaulted party's] inaction in this case."); *Chrysler Credit Corp. v. Macino*, 710 F.2d 363, 367 (7th Cir. 1983) ("Mindful that the federal rules do not favor delay, we believe that the failure to file an answer for over two months after it was due … is strong evidence that the litigation was not handled with due diligence.").

Gonzales responds by asserting that he "immediately sought counsel after being notified of the [partial Rule 55(b)] default judgment."  Doc. 25 at 4; *see* Doc. 20 at ¶¶ 7, 9-11, 19-20, 23.  Even assuming its truth, that assertion would satisfy only the *second* step of the Rule 55(c) analysis, which requires the defaulting party to have taken "prompt steps to correct the default," *Parker v. Scheck Mech. Corp.*, 772 F.3d 502, 505 (7th Cir. 2014), and not the first.  *Cf. Allen Russell Publ'g, Inc. v. Levy*, 109 F.R.D. 315, 318 (N.D. Ill. 1985) (vacating a Rule 55(a) default where "three separate attempts were made to retain counsel … *prior to* the entry of default") (emphasis added).

In addition to failing to satisfy the first prong of the Rule 55(c) analysis, Gonzales has forfeited his argument as to the third prong—identifying "an arguably meritorious defense to the lawsuit," *Parker*, 772 F.3d at 505—by failing to raise it until his reply brief.  *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("[T]he district court is entitled to find that an argument raised for the first time in a reply brief is forfeited."); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 389 (7th Cir. 2003) ("Because Volvo raised the applicability of the Maine statute in its reply brief, the district court was entitled to find that Volvo waived the issue.").  Even setting aside forfeiture, Gonzales's proposed defenses assert only "set-off," "accord and satisfaction," or "settlement and/or payment and release" based on what he paid

4

Pascal. Doc. 25 at 4. Those proposed defenses do not qualify as meritorious defenses under Rule 55(c) because they concern only damages, not liability. *See Wehrs*, 688 F.3d at 890 (affirming the district court's refusal to vacate a default where the movant "contest[ed] the amount of damages" but did not "state a meritorious defense because he did not specifically deny the complaint's allegations that he purchased, sold, and repurchased the shares … without permission"). Gonzales remains free to contest the damages sought by Pascal if and when he moves for them under Rule 55(b). *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016) ("Once the [Rule 55(a)] default is established, and thus liability, the plaintiff must still establish his entitlement to the relief he seeks.") (internal quotation marks omitted); *Wehrs*, 688 F.3d at 892 ("Upon default, the well-pled allegations of the complaint are taken as true, but those relating to the amount of damages suffered ordinarily are not. … Because a plaintiff must ordinarily prove damages, the defaulting party may raise … issue[s] … relate[d] to the calculation of damages [when the plaintiff requests damages under Rule 55(b)].").

In sum, Gonzales cannot "pass the three part test required to vacate an entry of default" under Rule 55(c) because he "needed to meet all three requirements, and [he] failed to meet two." *Pretzel*, 28 F.3d at 46-47. Moreover, because Gonzales fails "to establish good cause for vacating the original entry of default" under Rule 55(c), he "clearly cannot satisfy the more stringent requirements for relief from the [partial] default judgment under Rule 60(b)." *Chrysler Credit*, 710 F.2d at 368.

## Conclusion

Gonzales indisputably was aware of this suit upon being served in September 2018, yet inexplicably failed to take any action for nearly five months. Having conducted himself in that manner, Gonzales risked and deserves the resulting Rule 55(a) default and partial Rule 55(b)

5

default judgment. Moreover, Gonzales has not asserted any meritorious defense to liability that would justify setting aside the default. His motion to vacate accordingly is denied.

June 4, 2019

                                            United States District Judge